MEMORANDUM **
We affirm the district court’s dismissal of Plaintiff-Appellant T.L.’s complaint for failure to first exhaust the administrative remedy of a due process hearing under 20 U.S.C. § 1415(f).
T.L. styles his action as one for breach of an April 5, 2006 written settlement agreement, and he argues that exhaustion would be futile because issues of noncompliance with settlement agreements are beyond the limited scope of a due process hearing under Cal. Educ.Code § 56501(a), such that the California Office of Administrative Hearings (“OAH”) would be required as a matter of law to dismiss T.L.’s compliance complaint for lack of jurisdiction. See Wyner v. Manhattan Beach Unified Sch. Dist., 223 F.3d 1026 (9th Cir.2000).
On the facts of this case, however, we are not convinced that exhaustion is necessarily futile. T.L. alleges a past and a continuing failure by the school district to provide T.L. with required educational services, and he seeks relief for both. Even assuming the school district has breached the express and implied terms of the settlement agreement as T.L. alleges, and even if OAH is unable grant T.L. all the relief he seeks, OAH still may be able to grant T.L. appropriate relief, which may include revising T.L.’s educational placement and providing for a more detailed schedule of services going forward. Exhaustion is therefore required. See 20 U.S.C. § 1415(l); Robb v. Bethel Sch. Dist. # 403, 308 F.3d 1047, 1049-50 (9th Cir.2002) (“The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA’S administrative procedures and remedies. If so, exhaustion of those remedies is required.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.